**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Crim. No. 13-3041-01-CR-DGK |
| | ) | |
| BRUCE CONANT, and | ) | |
| | ) | |
| RENDY CONANT | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER RECOMMITTING CASE TO THE MAGISTRATE JUDGE FOR FURTHER CLARIFICATION

This case arises from several searches which uncovered methamphetamine and firearms at Defendants Bruce and Rendy Conant's (the "Conants'") residence in Pulaski County, Missouri and their private rental storage unit in Laclede County, Missouri. Following the searches, a grand jury in Springfield, Missouri, returned a four-count indictment alleging, in part, that the Conants conspired to distribute methamphetamine (Count 1) and distributed methamphetamine (Count 2), in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), and 846. The remaining two counts (Counts 3 & 4) allege that Bruce Conant possessed a firearm, in violation of 18 U.S.C. §§ 924(a)(2), 924(c)(1)(A), and 922(g)(1).

The case was assigned to the Magistrate Judge for pretrial matters, including ruling on motions to suppress. On February 24, 2014, the Magistrate Judge entered two Reports (Docs. 77 & 78) recommending that this Court deny the Defendants' motions to suppress evidence (Docs. 39 & 46). Now before the Court are Defendants' Objections to the Report and

Recommendations (Docs. 80, 81, & 82).[1]  Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Criminal Procedure 59(b), the Court recommits this case to the Magistrate Judge for clarification of two issues.

## Background

This case involves a unique procedural posture.  On August 26, 2013, Defendant Rendy Conant filed a Motion to Suppress Evidence (Doc. 39) and a motion for an Evidentiary Hearing pursuant to *Franks v. Delaware* (Doc. 40).  Rendy Conant sought exclusion of the evidence obtained during the search of her residence on July 16, 2012, the search of her rental storage unit on July 17, 2012, and a second search of her residence on July 22, 2012.  In relevant part, Rendy Conant alleged that the affidavit of Waynesville Police Department Officer Victor Weir ("Officer Weir") provided insufficient facts to provide probable cause for the first search of the Conants' residence.  Officer Weir's affidavit relied heavily upon information from a confidential informant (the "CI"), who stated that the Conants possessed methamphetamine at their home and at a rental storage unit.  Although the affidavit stated that the CI had provided reliable information on six prior occasions, the affidavit did not specify how the CI obtained the information about Defendants.  At the time of the filing of the motion to suppress, the Conants were unaware of how the CI obtained the information.

In her motion to suppress, Rendy Conant argued, among other things, that Officer Weir failed to provide sufficient information about the CI for the judge to accurately assess the CI's reliability.   On September 5, 2013, Bruce Conant filed a separate motion to suppress (Docs. 46 & 47) based largely on the same allegations asserted in Rendy Conant's filing.

---

[1] In reviewing Defendants' objections, the Court also considered the Magistrate Judge's Order denying Defendants' request for a *Franks* Hearing (Doc. 73) and Rendy Conant's Motion to Supplement the Defendant's Motion for a *Franks* Hearing (Doc. 75).

The Magistrate Judge entered an order on January 25, 2014, denying Defendants' motion for a *Franks* Hearing (Doc. 73). Shortly thereafter, on January 28, 2014, the Magistrate Judge held an evidentiary hearing on the issues raised in Defendants' motions to suppress. During the hearing, Officer Weir and Detective John Young of the Laclede County Sheriff's Department testified about the warrant process and the searches. Officer Weir testified that the CI mentioned in the first affidavit lacked first-hand knowledge of the information, and the CI relied upon second-hand information from another individual. (Doc. 76 at 32-33). Officer Weir failed to mention this information in the affidavit presented to the state court judge who issued the first search warrant for Defendants' residence. *Id.* at 38. Following the hearing, Rendy Conant filed a motion (Doc. 75) seeking to supplement her *Franks* Hearing motion with this new, material information.

On February 10, 2014, the Magistrate Judge issued two thorough decisions (Docs. 77 & 78) recommending that this Court deny Defendants' motions to suppress. Subsequently, on February 24, 2014, Defendants raised timely objections (Docs. 80, 81, & 82) to the Magistrate Judge's opinion. Finally, on March 3, 2014, the Magistrate Judge entered an order (Doc. 83) denying Rendy Conant's Motion to Supplement her Motion for a *Franks* Hearing (Doc. 75).

## Discussion

As a threshold matter, the Court notes that this case's unique procedural posture strongly influences the Court's decision to request clarification. Although neither the defendants nor the Magistrate Judge were aware of the alleged omissions or false statements prior to the evidentiary hearing, the legal arguments now advanced in many of Defendants' objections should have been raised before the Magistrate Judge. Following the evidentiary hearing, Defendants could have requested leave to file further briefing in light of Officer Weir's testimony, but they failed to do

so. Because of Defendants' failure to brief these issues, the Magistrate Judge was in the unenviable position of having to assimilate Defendants' prior suppression arguments to the newly learned facts from the hearing. With that in mind, the Court addresses two of Defendants' objections which are relevant for the current discussion.

First, Defendants assert that even though the Magistrate Judge considered Officer Weir's testimony in the majority of his analysis, he did not apply the testimony when analyzing the applicability of an exception to the *Leon* "good faith" rule. Specifically, Defendants contend that the Magistrate Judge failed to consider whether, in light of Officer Weir's testimony, "the affidavit or testimony supporting the warrant contained a false statement made knowingly and intentionally or with reckless disregard for its truth, thus misleading the issuing judge." *See United States v. Cannon*, 703 F.3d 407, 412 (8th Cir. 2013) (internal quotation marks and citations omitted) (noting that this is one exception to the good faith rule in *Leon*).

In his thorough and well-reasoned opinion, the Magistrate Judge addressed whether the *Leon* "good faith" rule should prevent suppression of the evidence seized from Defendants' residence. As a part of his analysis, the Magistrate Judge discussed four exceptions to the "good faith" rule. *See* Docs. 78 at 17-23, 77 at 17-23. The analysis on three of the exceptions clearly discusses the new evidence raised during the evidentiary hearing, but the analysis of the first exception cross-references a prior order denying a *Franks* Hearing (Doc. 73 at 10-14). Because the *Franks* Hearing order occurred prior to the evidentiary hearing, the order did not discuss the new facts about the potential omissions and/or alleged false statements. Given the unique procedural posture of the case, the lack of adversarial briefing at this stage, and the fact that the Magistrate Judge is well-acquainted with facts of the case and the credibility of the witnesses, the Court requests a supplemental recommendation on applicability of the first exception in light of

Officer Weir's testimony. Although this new information may or may not alter the analysis, further clarification from the Magistrate Judge will assist the Court in completing its review.

Second, Defendants argue that under the Eighth Circuit's opinion in *United States v. Reinholz*, 245 F.3d 765 (8th Cir. 2001), the search warrant for Defendants' residence is invalid. Defendants contend that Officer Weir's testimony reveals that he included false statements in his affidavit and omitted other relevant facts. Defendants assert that once the Court excludes the false statements and includes the relevant omitted facts as required under *Reinholz*, the remaining content of the affidavit is insufficient to supply probable cause.

Because the *Reinholz* remedy is essentially premised on a *Franks'* violation, Defendants are actually objecting to the Magistrate Judge's order on that issue (Doc. 73) rather than his report on the suppression issues (Docs. 77 & 78). As mentioned previously, the initial *Franks* order predated the suppression hearing wherein Officer Weir disclosed that CI did not have personal knowledge of the facts attested to in the affidavit. This new information suggests that Officer Weir may have omitted material information or potentially made false statements in the affidavit. Since the *Franks*' issue was briefed and decided before learning this information, the Court requests a supplemental recommendation from the Magistrate Judge analyzing Defendants' *Reinholz* and *Franks* arguments in light of the new evidence. Given the Magistrate Judge's recent order (Doc. 83), the Court doubts whether the new information will ultimately change the analysis on this issue. That said, the Court would like a supplemental explanation on this issue prior to completing its review.

On recommitment, the Magistrate Judge may decide to request further briefing on the two inquiries posed in this order or simply provide clarification based on the current record. The Court, however, leaves these decisions to the Magistrate Judge. Following the Magistrate

Judge's supplemental recommendation, Defendants may renew their current objections or raise new objections related to the supplemental recommendations within fourteen (14) days of the report's entry.

## Conclusion

For the foregoing reasons, this matter is recommitted to the Magistrate Judge for further clarification on the two issues discussed herein.

**IT IS SO ORDERED.**

Date:  March 11, 2014                        /s/ Greg Kays
                                          GREG KAYS, CHIEF JUDGE
                                          UNITED STATES DISTRICT COURT